IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| CODY C. SMITH, | ) | |
| --- | --- | --- |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:18-cv-1244 |
| | ) | |
| NORTHERN VIRGINIA | ) | |
| ORTHODONTICS CENTER, LLC. | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

At issue on summary judgment in this Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, case is whether Plaintiff, Cody C. Smith, can rescue his apparently untimely complaint by submitting three affidavits – his and his parents', who live with him at the same address – all averring that plaintiff did not receive the right-to-sue letter from the Equal Employment Opportunity Commission ("EEOC") until June 30, 2018, eighteen days after the letter was sent by the EEOC.

For the reasons that follow, plaintiff's attempt to rescue his untimely complaint fails; plaintiff's submission of self-serving affidavits is insufficient to rebut the three-day receipt of mail presumption. *See* Rule 6(e), Fed. R. Civ. P.

I.

The following dispositive facts are derived from the existing record.

1. Plaintiff alleges in his amended complaint that Defendant Northern Virginia Orthodontics Center, LLC (i) failed to promote him because of his Lyme disease diagnosis and (ii) retaliated against him when he complained.
2. Plaintiff filed a claim alleging discrimination with the EEOC.

1

3. On June 12, 2018, the EEOC sent plaintiff a Dismissal and Notice of Rights letter, more commonly known as a right-to-sue letter. On the same date, the EEOC mailed a copy of the right-to-sue letter to counsel for defendant.
4. The address listed for plaintiff on the right-to-sue letter is the same address that plaintiff listed as his home address in the amended complaint and plaintiff does not dispute that it is his correct address.
5. The right-to-sue letter states:

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. . . . Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** . . .

6. On June 15, 2018, three (3) days after the EEOC mailed the right-to-sue letter to plaintiff, counsel for defendant received by mail a copy of the right-to-sue letter from the EEOC.
7. Plaintiff's affidavit avers that he did not receive the right-to-sue letter until June 30, 2018, eighteen (18) days after the EEOC mailed the letter. Plaintiff then did not file his complaint, until one hundred and eight (108) days after the EEOC mailed him the right-to-sue letter.
8. Plaintiff claims in his affidavit that his neighborhood has ongoing problems with late mail delivery. Plaintiff further states that, after receiving the right-to-sue letter, he submitted a Freedom of Information Act ("FOIA") request to the EEOC and attempted to wait until he received the FOIA records before obtaining counsel or filing his lawsuit.[1]
9. Edward L. and Jimmie Sue Smith (the "Smiths") are plaintiff's parents and reside at the same address as plaintiff. Plaintiff also submitted affidavits from the Smiths averring that plaintiff received the right-to-sue letter on June 30, 2018. The two Smith affidavits are identical except for the name of the affiant and the use of the term "wife" or "husband."
10. The Smiths' affidavits claim that they have had numerous problems with mail delivery at 40941 Manor House Rd., Leesburg, VA 20175 since December 2017. In addition, the Smiths' affidavits each attach the same photographs of two envelopes which the Smiths

---

[1] Plaintiff's affidavit states that plaintiff had not received a response to his FOIA request as of December 21, 2018. Although the nature and scope of plaintiff's FOIA request is not reflected on this record, plaintiff's affidavit states that the FOIA request related to the EEOC investigation.

2

assert were misdelivered to plaintiff's address and upon which each of the Smith affiants allege that they wrote "delivered to wrong address." The same handwriting and addresses appear on each of the photographs attached to the Smith affidavits. The Smith affidavits do not provide any information regarding when the pieces of mail photographed were misdelivered.

11. Neither plaintiff's affidavit nor the Smiths' affidavits contain any facts regarding who retrieved the right-to-sue letter from the mailbox nor any other facts regarding how they learned of date on which the right-to-sue letter was allegedly delivered. Furthermore, neither plaintiff's affidavit nor the Smiths' affidavits attach the envelope in which the right-to-sue letter was delivered as an exhibit, nor do they suggest that the right-to-sue letter was first delivered to a wrong address before being delivered to plaintiff's home.
12. On September 28, 2018, plaintiff filed his complaint in this case. September 28, 2018 is 108 days after the EEOC mailed the right-to-sue letter and 105 days after counsel for defendant received defendant's copy of the right-to-sue letter.
13. On November 28, 2018, plaintiff filed his amended complaint which includes the specific allegation that he received the right-to-sue letter on June 30, 2018.[2]

On December 7, 2019, defendant filed a motion to dismiss. In that motion, defendant asserts that the amended complaint must be dismissed because: (i) plaintiff failed to file suit within 90 days of receiving his right-to-sue letter from the EEOC; and (ii) defendant was not plaintiff's employer. At the January 11, 2019 hearing on the motion, defendant's motion to dismiss was converted into one for summary judgment. *See* Fed. R. Civ. P. 12(d). The parties thereafter submitted supplemental briefing regarding whether plaintiff complied with the 90-day rule. Neither party filed a Rule 56(d) motion seeking to obtain discovery before a ruling issued on the motion for summary judgment. *See* Rule 56(d), Fed. R. Civ. P.

---

[2] Plaintiff's original complaint alleged that he received the right-to-sue letter on June 30, 2016.

3

## II.

The central and disputed fact in this case is the date on which plaintiff received the right-to-sue letter from the EEOC. Plaintiff claims that he did not receive a copy of the right-to-sue letter until June 30, 2018. In support of his claim, plaintiff submitted his own affidavit and the affidavits of his parents who reside at the same address. Defendant disputes that plaintiff received the right-to-sue letter on June 30, 2018, given that the right-to-sue letter was mailed on June 12, 2018 and that defendant's counsel received his copy of the right-to-sue letter on June 15, 2018. This dispute is resolved *infra*.

Under the ADA, plaintiffs have ninety days in which to file a lawsuit after receipt of their right-to-sue letter. *See* 42 U.S.C. § 2000e-5(f)(1); 29 C.F.R. § 1601.28(e)(1). As the Fourth Circuit has made clear, the ADA's 90-day filing requirement is not a jurisdictional requirement but is rather a requirement "like a statute of limitations," *Crabill v. Charlotte Mecklenburg Bd. of Educ.*, 423 Fed. App'x 314, 321 (4th Cir. 2011). But importantly, it is well-established that the failure to comply with this requirement will result in dismissal of an ADA claim. It is also well-established that courts uniformly apply "this limit strictly and 'will dismiss a suit for missing the deadline by even one day.'" *Woodruff v. Peters*, 482 F.3d 521, 525 (D.C. Cir. 2007); *see also Harvey v. City of New Bern Police Dep't*, 813 F.2d 652, 654 (4th Cir. 1987) (holding that Title VII action filed one day after 90-day deadline was untimely). In this respect, the Fourth Circuit has noted that strict compliance with the 90-day filing requirement is necessary to prevent "open-ended time extension, subject to manipulation at will." *Watts-Means v. Prince George's Family Crisis Ctr.*, 7 F.3d 40, 42 (4th Cir. 1993). In other words, the Fourth Circuit has made clear that strict application of the 90-day filing requirement is necessary to prevent tardy plaintiffs from manipulating the 90-day rule to prevent dismissal of their untimely complaints.

Plaintiff has submitted three affidavits asserting that plaintiff received the letter on June 30, 2018. Defendant for its part submits an affidavit stating that defendant received its copy of the right-to-sue letter from the EEOC on June 15, 2018, three days after the EEOC mailed the letter to plaintiff. Where, as here, receipt of the right-to-sue letter is disputed, the Fourth Circuit has held that "courts presume receipt three days after mailing," pursuant to Rule 6(e) of the Federal Rules of Civil Procedure. *Ish v. Arlington Cty. Va.*, 918 F.2d 955, at *1 (4th Cir. 1990) (Unpublished); *see also Crabill*, 423 F. App'x at 321 ("Here, the right-to-sue notice was mailed to Crabill on April 22, 2008, and the law presumes its receipt on April 25, 2008.").[3] Because it is undisputed that the right-to-sue letter was mailed on June 12, 2018, the application of the three-day receipt of mail presumption means that plaintiff is presumed to have received the right-to-sue letter by June 15, 2018. It therefore follows that plaintiff was required to file his complaint by September 13, 2018. Plaintiff did not do so; instead, plaintiff filed his complaint on September 28, 2018, 105 days after the presumed date of plaintiff's receipt of the right-to-sue letter. Thus, the application of the three-day receipt of mail presumption leads to the conclusion that plaintiff's complaint was untimely filed.

To be sure, the three-day receipt of mail presumption may be rebutted by plaintiff. *See Scott v. Hampton City Sch. Bd.*, No.4:14-cv-128, 2015 WL 1917012, at *3 (E.D. Va. Apr. 27, 2015) ("Such presumption, of course, is subject to being rebutted by contrary evidence."). The

---

[3] Courts have applied the three-day presumption where the date of receipt is in dispute, even where plaintiff has submitted a sworn statement regarding receipt on summary judgment. *See Asbury v. City of Roanoke*, 599 F. Supp. 2d 712, 719 (W.D. Va. 2009) (applying three-day presumption to a Title VII case on a motion for summary judgment, despite declaration from plaintiff regarding date on which she purportedly received the right-to -sue letter); *see also Nguyen v. Inova Alexandria Hosp.*, 187 F.3d 630, *3 n.3 (4th Cir. July 30, 1999)(Unpublished) (affirming application of three-day presumption on summary judgment despite plaintiff's deposition testimony).

5

question here is whether plaintiff's three affidavits are sufficient to rebut the presumption. They are not. To begin with, plaintiff's own conclusory affidavit is entirely self-serving and insufficient standing alone to rebut the presumption. As the Fourth Circuit has held, "[a] self-serving affidavit, without more, is not sufficient to defeat summary judgment." *Jeadron v. Bd. of Regents of Univ. Sys. of Md.*, 510 F. App'x 223, 228 (4th Cir. Feb. 14, 2013) (unpublished). Other courts have reached the same result and rejected attempts to rebut the three-day presumption through a self-serving affidavit. *See, e.g., Lombardi v. Advantage Logistics USA West, LLC*, No. 11-cv-2467, 2012 WL 2319094, at *2 (D. Colo. June 19, 2012) ("Mr. Price's bald assertions, even as sworn statements, do not suffice to rebut the presumption . . .").[4] Plaintiff's own affidavit is therefore insufficient to rebut the three-day receipt of mail presumption.

Nor does plaintiff rebut the three-day receipt of mail presumption by including his parents' affidavits. To begin with, it is worth noting that the Smiths are not neutral or disinterested parties, but plaintiff's parents. Rather, the Smiths' interests, as plaintiff's parents, are well-aligned with plaintiff's interest and, therefore, the Smiths' affidavits are also essentially self-serving. *See Kariuki v. Tarango*, 709 F.3d 495, 505 (5th Cir. 2013) ("vague, self-serving, and conclusory affidavits from conceded friends" were insufficient to create a genuine issue of

---

[4] *See also Hill v. Textron Auto. Interiors, Inc.*, 160 F. Supp. 2d 179, 184 (D.N.H. 2001) ("denial of receipt is, standing alone, insufficient to rebut the presumption"); *Isaacson v. N.Y. Organ Donor Network*, No. 08-cv-9545, 2009 WL 9119999, at *4 (S.D.N.Y. Dec. 30, 2009) ("Plaintiff's denial of receipt in her affidavit and deposition testimony does not permit 'a reasonable [inference] either that the notice was mailed later than its typewritten date . . . or that it took longer than three days to reach her by mail.'") *aff'd* 405 F. App'x 552 (2nd Cir. 2011); *Kaufman v. Columbia Memorial Hosp.*, No. 11-cv-667, 2011 WL 5007988, at *2 (N.D.N.Y. Oct. 20, 2011) ("Self serving statements and mere denials of receipt does not rebut that presumption."); *cf. Payan v. Aramark Mgmt. Servs. Ltd. P'Ship*, 495 F.3d 1119, 1127 (10th Cir. 20076) (noting that plaintiff did not provide "corroborating evidence" for her affidavit).

material fact on summary judgment). The Smiths' affidavits are also troublesome, however, for what they fail to aver. Neither of the Smiths' affidavits establish the personal knowledge of either affiant. For example, neither affidavit establishes whether plaintiff or either of the Smiths retrieved the right-to-sue letter from their mailbox or how either affiant has personal knowledge of the date on which the right-to-sue letter was delivered.[5] "The absence of an affirmative showing of personal knowledge of specific facts prevents the consideration of such facts in conducting the summary judgment analysis." *Hayes v. United States*, No. 14-cv-532, 2016 WL 9184418, at *5 (E.D. Va. Aug. 10, 2016) (citing *EEOC v. Clay Printing Co.*, 955 F.3d 936, 945 n.9 (4th Cir. 1992)). In other words, on summary judgment, "affidavits cannot be conclusory . . . or based on hearsay." *Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 962 (4th Cir. 1996).

The Smiths' affidavits run afoul of both of these infirmities; they are conclusory and appear to be based on hearsay. Not only do the Smiths fail to state how they know the date on which the right-to-sue letter was received, but they also fail to assert that either one of them retrieved the EEOC's letter from the mailbox or that they observed plaintiff opening the letter. The affidavits each contain a single conclusory statement that the right-to-sue letter "was received in our mailbox" on June 30, 2018. This is not enough. *See Carter v. Jack Daniel's*

---

[5] Not only do the Smiths fail to state the basis for their personal knowledge of the alleged June 30, 2018 delivery date, but the Smiths' affidavits are suspicious because they are carbon copies of one another with only the name of the affiant and references to "husband" or "wife" changed. The cookie-cutter nature of the affidavits invites troubling concerns regarding the veracity of the statements contained in the affidavit. Significantly, both of the Smiths state that they wrote "delivered to wrong address" on envelopes that were alleged to have been misdelivered to their home and photographs of which are attached to their affidavits. It cannot be the case that both of the Smiths wrote the single statement "delivered to wrong address" on the pictured envelopes attached to both affidavits.

*Distillery*, No. 4:02-cv-001, 2002 WL 32059015, at *2-3 (E.D. Tenn. Nov. 26, 2002) (finding that affidavits submitted by plaintiff and a lawyer, whom she did not ultimately retain, were insufficient to rebut the presumption where the lawyer's affidavit was based on conversations with the plaintiff). In sum, the affidavits submitted by plaintiff are insufficient to rebut the three-day receipt of mail presumption as they do not constitute evidence "from which it could be reasonably inferred . . . that it took longer than three days to reach [plaintiff] by mail." *Isaacson*, 405 F. App'x at 553.

The Smiths also make several general allegations about problems with mail delivery to their home beginning in December 2017. As courts recognize, such general allegations regarding mail delays are insufficient to rebut the three-day presumption.[6] The statements in the Smiths' affidavits fall squarely within the category of general claims that the mail has been delayed, which are insufficient to rescue an untimely filed complaint. The affidavits make no specific allegations regarding the frequency of such problems during the relevant time period, namely June 2018. *See Gonzales v. Harrah's Operating Co., Inc.*, No.3:13-cv-230, 2013 WL 6284172, at *5 (D. Nev. Dec. 4, 2013) (allegations regarding weather and irregular delivery during "the winter months" insufficient to rebut presumption). Moreover, none of the affiants alleges that the right-to-sue letter was affected by the general mail problems that they list. Nor do the Smiths make any representations that the right-to-sue letter was first delivered to the wrong address before being delivered to their home or attach the envelope in which the right-to-

---

[6] *See, e.g., Payan v. Aramark Mgmt. Servs. Ltd. P'Ship*, 495 F.3d 1119, 1126 (9th Cir. 2007) ("[G]eneral claims that mail is sometimes delayed will not be sufficient to rebut the presumption. We have all experienced mail delays on occasion; but a general claim of occasional delay is not sufficient to prove that a particular letter was not delivered on time."); *Doyle v. Masonic Home of Missouri*, 41 F. App'x 17, *1 (8th Cir. 2002) (unpublished) (plaintiff's allegations of "mail-delivery problems" were insufficient).

sue letter was delivered to show that the right-to-sue letter was improvidently delayed. The Smiths' general statements about problems with the mail are the same kind of allegations that other courts have rejected as insufficient to rebut the three-day receipt of mail presumption. *See Payan*, 495 F.3d at 1126. Because the Smiths' affidavits are insufficient to rebut the three-day receipt of mail presumption, there is no triable issue of fact with respect to the timeliness of plaintiff's complaint. Accordingly, plaintiff's complaint was untimely and defendant's motion for summary judgment must be granted.

In an attempt to avoid this result, plaintiff seeks to apply equitable tolling principles. Plaintiff argues that the 90-day period should be tolled because he was waiting for a Freedom of Information Act ("FOIA") response before filing his complaint and, at that time, did not yet have counsel. These facts do not warrant equitable tolling. The right-to-sue letter instructs plaintiff that, "in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you**." Am. Compl., Exh. 1 (emphasis in original).

The Fourth Circuit has recognized that equitable tolling of the 90-day period is appropriate in the following limited circumstances: (1) "plaintiffs [are] prevented from asserting their claims by some kind of wrongful conduct on the part of the defendant"; and (2) "extraordinary circumstances beyond plaintiffs' control made it impossible to file the claims on time." *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000). Plaintiff does not claim either circumstance applies to him, nor does plaintiff argue that he had insufficient time within which to file his complaint. Indeed, plaintiff does not even claim or establish that his FOIA request was a necessary prerequisite for his complaint. *See Weakley v. Homeland Security Solutions, Inc.*, No. 3:14-cv-785, 2015 WL 11112158, at *15 (E.D. Va. May 19, 2015) (no equitable tolling

where plaintiff did not offer "any explanation as to how, the EEOC's inability to locate his FOIA records made it 'impossible' for plaintiff to file suit in a timely fashion"). Accordingly, equitable tolling does not apply, and plaintiff's complaint remains untimely such that summary judgment in favor of defendant is appropriate.

The motion for summary judgment must be granted on this record, because the affidavits submitted by plaintiff are insufficient, for the reasons stated above, to create a genuine dispute of a material fact. But because it is possible that plaintiff may be able to obtain additional evidence that rebuts the three-day presumption, it is appropriate to permit plaintiff to file a motion for reconsideration pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. In order to rebut the presumption, plaintiff may wish to present evidence from: (1) unrelated neighbors who also experienced mail delays in June 2018; (2) an employee at the United States Post Office that serves plaintiff's residence; or (3) a neighbor who received the right-to-sue letter in error. Plaintiff is cautioned that, in order to rebut the presumption, any new affidavits must concern the specific time period during which the right-to-sue letter would have been delivered, namely June 2018. Moreover, any affidavits intended to rebut the three-day receipt of mail presumption must state the basis for the affiant's personal knowledge and contain details regarding the specific facts they intend to provide. If plaintiff intends to file such a motion he must do so within thirty days of the entry of this Order, by **Monday, July 29, 2019 at 5:00 p.m.**

### III.

For the reasons set forth above, Defendant's motion for summary judgment (Dkt. 8) will be granted.

An appropriate order will issue separately.

The Clerk is directed to provide a copy of this Memorandum Opinion to all counsel of record.

Alexandria, Virginia
July 16, 2019

_____
T. S. Ellis, III
United States District Judge